May it please the Court, Laura Gracer representing the appellant, Mr. Arias. May it please the Court, I don't have any point to make that I haven't already made my brief. I would like to reserve two minutes for rebuttal. Okay. The government proffered gang evidence and his connection to the Mexican mafia, the notorious Mexican mafia, and not only was there very little connection, but I'm here to say that my point is that it was completely and totally unnecessary to the case. So I want to understand your argument. You're making a four or three argument, aren't you? Yes, but also with the constitutional overtones. Because this evidence was so inflammatory, I submit that he did not have a fair trial. Right. I guess that's my question. You're making a four. This 404B just says how certain evidence can be used. The judge instructed the jury it could only be used for the 404B purposes. So your argument is that the prejudicial impact of this evidence substantially outweighed its probative value, right? More than substantially. Okay. But in the language of the rule. Yes. Okay. How do we review the judge's determination on that point? Well, if it were a pure evidentiary question, abuse of discretion, but this is because of the extraordinarily inflammatory nature of the evidence and the impact on the fair trial, it's you have to show that it's harmless beyond a reasonable doubt. I'm sorry. Go ahead, Judge. Go ahead. I didn't want to interrupt you. I thought you were going to. No, I want to understand. I understand the evidentiary point. I'm trying to understand the constitutional point. What's the constitutional argument that you're making? That he didn't have a fair trial. Right. Because evidence that was irrelevant and inflammatory was introduced. I mean, does that transform our review into de novo as opposed to abuse of discretion? Because of the nature of the evidence, the numerous cases from this Court and other cases, the evidence simply swamps the jury's mind. And I understand that. I just want one tiny point, and I don't want to monopolize here. But we review all evidentiary rulings for abuse of discretion. You may well be correct that this evidence is so inflammatory that it was an abuse of discretion to let it in. I'm trying to understand whether or not there's a separate constitutional argument that you think we review de novo as opposed to for abuse of discretion. The harmless error. Okay. But if we're going to go there, how do you explain Vera? Because Vera is dead on. It says, and it's one of our cases, admission of gang affiliation evidence violating 403 is only a non-constitutional error. Therefore, they need only thus need only show that it did not materially affect the verdict. That seems to be the precedent I've got to follow. I mean, it's a non-constitutional error at best. So then we go to a harmless error analysis, and I appreciate where we're going with the harmless error analysis. I guess I'm just trying to make sure that you tell me why Vera doesn't control. Every case is in its context. I cited numerous cases that talk about how when gang evidence has to. Are you really going to answer my question? Why doesn't Vera control? Because it's in its context. Well, it was the same context as here. It was the admission of gang affiliation evidence. But if at best it would have violated 403. If at best in Vera. Gang evidence that promotes a point that government is legitimately entitled to make is one thing. This case was extraneous gang evidence. Well, but just a minute. Let's go back to that. If we're talking about the admission of the gang evidence, what's my standard of review on that? Just the mere admission. Mere admission is evidentiary error. Evidentiary error. So it's abuse of discretion there, right? Yes. And at that point, I guess what I'm looking at is does it meet any of the things that would allow it in? Exactly. So then the first question is, is it intertwined? Exactly. Second question, why isn't it intertwined? Intertwined with what? It explains nothing. Well, it explains, well, as I understood, the whole effort of this was that it was allowed in because it supports the inference that the defendant and witnesses joined forces to sell meth, had common backgrounds and common interests. But the evidence was sufficient, strong, that they had, that they sold meth together. Well, but the honest truth is, why doesn't this provide a context for the relationship which was formed in prison? The defendant's protection of the witness while in prison, the witness's agreement to sell drugs for the defendant, and why he was afraid of the defendant if he didn't sell the drugs. But the gang, all that could be admitted without any kind of connection to the gang. But the test of 403 and 402 is not whether the case can be proved without the evidence. The question is whether or not, A, the evidence is relevant, and it seems to me Judge Smith has laid out at least a scenario under which it has, it makes it more likely than not that your client committed the crime. Yes. And then second, whether its prejudicial value is substantially, or substantially outweighs its probative value. And so I'm not sure what, why it's a good answer to say they could approve the crime without it. So tell me why it meets the four, why under those circumstances, assuming it has some probative value, that its prejudicial value so substantially outweighs. I conflated the harmless error analysis with the evidentiary analysis. And so to answer that more precisely, what the gang evidence established is that he had a bad trait of character, and in this circumstance, he was likely to act. No, but the judge instructed the jury in accordance with 404B that it couldn't use the character trait to show that he committed the crime, but merely to show that he had the motive, intent, et cetera. So, and except for a moment Judge Smith's scenario, that it, you know, and on the relevance scale, there is some relevance to this. It shows why the two associated with each other and what their motive was. So focus now on why, if that's all true, the prejudicial impact of this evidence was so great in the context of your case that we'd have to find reversible error. The black hand of death. The modus operandi was assaults and murders. The political climate in that summer where crowds were chanting build the wall, build the wall, and the leading presidential contender was saying that many, you know, the Mexicans here are rapists, I quote in my brief. And the social science studies that I quote in my brief that simply say that gang evidence overwhelms a jury, overwhelms possibility of reasonable doubt. Can I interrupt for a question? My question is, other than the statement by the government that there was Mexican mafia, was there any evidence, any reference to Mexican mafia in the course of the witness' testimony? There was an expert witness that testified for half a volume of transcript about just how dangerous and generally horrible the Mexican mafia is. Yes, but let me clarify the question. Did any of the co-conspirator witnesses ever mention anything about the Mexican mafia? I don't believe so. I believe it was police officer evidence. Didn't the co-conspirator who testified testify about his connections to the Sereno gang? The co-conspirator was 18th Street. Right. And he testified that he was a member of that gang. Of 18th Street. He didn't say the Mexican mafia, but that he was a member of the 18th Street gang. That the co-conspirator was 18th Street and that my client was Arizona Maivia. Right. But I was just focusing. And the co-conspirator said he was a member of the 18th Street gang. Yes. Okay. But he did not say in response to Judge Fisher's question that anybody was a member of the Mexican mafia. Right. And in fact. Judge Fisher. Go ahead. There's evidence that if you falsely claim membership in the Mexican mafia, that is a very dangerous thing to do if you're in prison. So they were affirmatively. In fact, he affirmatively denied in the earlier proceeding as a legal document where he affirmatively denies membership. Did you have further questions, Judge Fisher? I didn't want to interrupt you. I thought you were on a roll. No, I'm fine. I just wanted to confirm that it was only the government witness who introduced Mexican mafia into the course of the testimony. All right. Then let me ask you a question. If I'm going to prejudicial, did the court do anything to try to reduce the prejudice to your client? And back to your colleague's question, there was an instruction. There was not only an instruction. There were other things the court did, didn't they? I submit no. But just a minute. Didn't they allow the defendant to probe the potential jurors on the issue of bias due to gang affiliation? If you read forward, there's not a word about it. Well, just a minute. Whether the lawyer suggested it or not, it was my understanding reading what went on that the judge allowed the defendant's counsel to do that. Whether the defense counsel did it or not is not my question. My question is, didn't the judge allow it? He did. And didn't he also exclude the indictment and the redacted portions of the plea agreement in 2002 in order to avoid this? Well, there was a ton of evidence. He excluded a tiny amount of it. But you're not answering my question. For the question you are posing to me, it looked to me like he went out of his way. He excluded the indictment. He excluded the redacted portions of the plea agreement in 2002. He allowed your counsel for the defendant to talk to the potential jurors about the issue of bias as to gang affiliation. He issued precautionary instructions during the trial. All of those things in order to avoid, if you will, prejudice. Your Honor, I submit that that's not a real-life way to look at it. Not a real-life what? Jurors simply, the social science study is powerful that jurors don't follow. So I'm to go along with this social science study you cite to me rather than we've allowed judges to use these kind of tactics to avoid bias for centuries? Yes. This Court has done that. But there are times when, you know, it's unringing the bell. There's a time when a jury instruction just can't unring the bell. Okay. Your time is gone. Thank you very much. We'll hear from appellee. May it please the Court. Appellee. On behalf of the United States. I'd first like to just address Judge Fisher's question about the state of the record regarding testimony about the Mexican Mafia. Francisco Fragoso testified that he was a member of the 18th Street Gang and affiliated with the Mexican Mafia. Did he say he was affiliated with the Mexican Mafia? He did say he did the lower grimy work for the Mexican Mafia. He also said that Mr. Arias was a member of the Arizona Maravilla and he did not testify that the Maravilla had a connection with the Mexican Mafia, but he did testify that he knew that Mr. Arias himself had a connection with the Mexican Mafia. He just couldn't attest to whether the Maravilla as a larger gang had a connection. So can I ask you a broader question? And recognizing you probably didn't try the case. Here we have a very strong case on the government's part. Why do we need this gang evidence? Putting aside whether it's reversible error, it creates the possibility of reversible error. Why do we need this extensive testimony about gang evidence in a case where the issue is whether or not you believe the co-conspirator? And obviously the jury did. The evidence did help the jury to understand the development of the relationship between Mr. Fregoso and Mr. Arias, and in particular why Mr. Arias would trust Mr. Fregoso with so many of the details of the conspiracy. There is overwhelming evidence of Mr. Arias' participation in the various situations. And I'm not sure your opponent much disagrees about that. She says it's a strong case. I guess my question is, at some point, doesn't the government have some obligation to temper what it puts in in a case like this, recognizing how prejudicial gang evidence can be? I mean, does the Mexican mafia have to be mentioned? Isn't it enough simply to note that they're both are we're in prison together and both are members of gangs? Well, the government is allowed to put on a strong case. And even when a defendant stipulates to an element of an offense, the government is still allowed to put on evidence to assess that. But not to put in evidence that under the 402-403 balancing goes so far as to make the trial prejudicial. And that's my concern in general is that I see very strong cases in which the government then adds on gang evidence. And I wonder whether or not that's really a wise thing to do. Whether or not it's reversible error is what we have to determine. But I say this as a matter of caution and hoping that maybe your colleagues hear it, too. And I understand the court's concern. I do think hindsight is 20-20. It's never clear at the beginning of a case exactly how well the evidence is going to come out, how credible the witnesses will be to the jury. And that's why the government is entitled to put on a strong case. I do think the court engaged in a very careful, the district court engaged in a very careful balancing here. The court limited the evidence that the government could present. It gave a limiting instruction to the jury. And it also offered that the defendant, Jurn Vardir, could question jurors about the possibility of anti-gang bias. The defendant chose not to do that. He made a strategic decision instead to use the gang affiliation of Mr. Fregoso and Mr. Casas in an effort to discredit them in front of the jury. This court has said that particularly with a 403 analysis, trial judges are in the best position to analyze all the various factors that go into that determination. This court disturbs such rulings only if they go beyond the pale. And the district court's careful consideration here did not go beyond the pale. Can I ask you a question about standard of review? Certainly. There was no objection. Tell me what we're reviewing under what standards here. So most of the arguments are reviewed under the abusive discretion standard for preserved evidentiary challenges. It's the government's position that the objection to the references to the gang task force affiliation of the officers who testified is under plain error review because that was not objected to at trial. I'd note not only did the Does that matter? If unless there's error on admission of the gang evidence and error on admission, then it seems to me the identification of the that's what I'm trying to get to. The identification of the officers makes no difference unless admission of the evidence is error. I think that I think that's correct, Your Honor. I think that if the district judge did not abuse its broad discretion in the 403 analysis on the gang evidence, certainly the admission of the gang of the officers gang task force affiliation wouldn't constitute plain error. It wouldn't constitute an abuse of discretion, let alone plain error. So the Court doesn't really have to. Well, it wouldn't be. If the evidence came in appropriately, then the reference to their affiliation couldn't have prejudiced the defendant. If the evidence didn't come in appropriately, then we don't have to get to the reference to their affiliation, right? That's certainly true. Okay, that's what I was trying to get to. I'm sorry. On the jury instruction itself, that was not delivered at the time of the testimony. Is that correct? That's correct, Your Honor. It was delivered during the jury instructions before deliberation. The defendant did not specifically request an instruction at the time of the testimony, and this Court has said that the failure to sua sponte give that instruction at the time of the testimony as well as at closing does not constitute reversible error. And the instruction is a general one. It doesn't tie it to the particular reference to Mexican Mafia. It really talks about evidence that the defendant committed other crimes, wrongs, or acts not charged here. That doesn't really sweep in the Mexican Mafia, does it? Not clearly. It does not specifically refer to the Mexican Mafia. That's correct. The defendant did not propose any alternate instruction, and the District Court noted that. You haven't given me an instruction, so I'm going to give the general one. And I think in light of the defendant's failure to take the judge up on the offer to propose a specific instruction, the judge's giving of the general instruction does not constitute error. Was this an opening instruction or a closing? It was a closing instruction. Yeah. I see. Okay. If the Court has no further questions, we'll rest on our brief. Thank you very much. Do you have any further questions, Judge Fischer? No. Thank you. Thank you very much. I'll give you a minute. You went over, but I'll give you a minute. May it please the Court. This is extraneous race-based character assassination, and I think the bench and bar would profit from this Court noting that when the government has a strong case, they can't just throw in that sort of evidence just to make it beyond a reasonable doubt because once the cooperating witness had testified, it was pretty clear that their evidence was coming in the way they expected it to come in, and they just didn't need all of this character assassination. Do you disagree, Counsel, with the government's statement that there were actually, through the witnesses other than the government, expert to the Mexican mafia? There were references to the other two gangs, and in response to the government's question, Fergoso, the cooperating witness who is facing a life sentence, said that, yes, his gang, Fergoso's gang, did the dirty, grimy work for the Mexican mafia. Not that he did, but that his gang does. Thank you very much. Case 1730021, the United States of America v. Arias, is submitted.
judges: Fisher, N.R. Smith, Hurwitz